IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID TRINE, | ) | |
| | ) | |
| Petitioner, | ) | 8:06cv541 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | (HABEAS CORPUS) |
| ROBERT HOUSTON[1], | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, David Trine. 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a).

Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

The petitioner alleges violations of his civil rights in connection with a revocation of his parole on or about June 20, 2006, after the end of his sentence on June 18, 2006, and before, or without, a hearing. The petitioner states that the Board of Parole denied him any witnesses, documents or due process and that the Board abused its discretion.

This case has been assigned to District Judge Richard G. Kopf. However, a Magistrate Judge may conduct initial review. Rule 10 of the *2254 Rules,* as amended, states: "A magistrate judge may perform the duties of a district judge under these rules, as

---

[1] The court, sua sponte, substitutes Robert Houston as the plaintiff's custodian. The Clerk of Court shall modify the court's records accordingly.

1

authorized under 28 U.S.C. § 636." On initial review of the petition, I find that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required and that the respondent shall answer or otherwise respond to the § 2254 petition.

IT IS THEREFORE ORDERED:

1. That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail; and the Clerk shall modify the court's records to reflect the substitution of Robert Houston as the respondent in this action;

2. That, within twenty (20) days of the date of this Order, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b);

3. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner's attorney a pleading entitled Designation of Relevant State Court Records;

4. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

5. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner's attorney; and

6. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 20 days thereafter.

DATED this 25th day of August, 2006.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge