IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID TRINE, | ) | |
| | ) | |
| Petitioner, | ) | 8:06cv541 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 11, the respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus filed by the petitioner, David Trine, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). The petitioner protests actions by the Nebraska Board of Parole, i.e., adding "dead time" to his sentence after his original discharge date and then revoking his parole, both without a hearing or any other procedural due process protections, and in violation of the parole board's own rules of procedure. The petitioner alleges violations of due process.

The respondent contends that actions by the parole board are not cognizable in a habeas corpus case. According to the respondent, the validity of a criminal defendant's judgment of conviction "is the only legitimate question on habeas" (filing no. 12 at 1). However, the respondent's position is a manifestly incorrect statement of the law. Decisions which have the effect of extending custody, such as deprivations of good time, are not only properly challenged in a habeas action, but are exclusively the province of habeas corpus review. E.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). While affirmative defenses to a habeas corpus action, such as exhaustion of remedies, may exist, the respondent should not confuse inability to bring a habeas action with the right to bring an action, but the possibility that the petitioner may not prevail.

The Eighth Circuit Court of Appeals has ruled that a state prisoner must use 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241 for federal habeas corpus purposes. Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003). See also Crouch v. Norris, 251

F.3d 720, 724 (8th Cir. 2001):  "Not only is § 2254 an appropriate vehicle for [the petitioner's] proposed claims, it is, as a practical matter, the only vehicle.  This is because [the petitioner] is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled."  Thus, this case is properly before the court pursuant to 28 U.S.C. § 2254.

Whether or not actions by the Nebraska Board of Parole may be challenged on due process grounds depends on whether the liberty interest addressed in Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 12 (1979) ("Greenholz") applies to inmates in state custody in Nebraska.  In fact, recently, in Wilkinson v. Dotson, 544 U.S. 74 (2005), the U.S. Supreme Court held  that parole challenges may be raised not only in habeas corpus petitions, but also in civil rights actions.  In other words,  habeas corpus petitions are not the exclusive remedy for prisoners seeking declaratory or injunctive relief for parole eligibility or parole suitability decisions by parole boards.  However, the initial determination in either proceeding is always whether the state in question maintains a parole system which, under state law, creates a legitimate expectation of parole, so that a liberty interest in parole arises that is subject to the protections of the Due Process Clause.

In Sass v. California Bd. of Prison Terms, 461 F.3d 1123 (9th Cir. 2006), for example, an inmate was determined by his parole board to be unsuitable for parole because he "would pose an unreasonable risk of danger to others--to society and a threat to public safety if released from prison."  Id. at 1126.  The inmate filed a habeas petition alleging that "the Board's failure to set a parole release date violated his equal protection and due process rights."  Id.  The petitioner properly sought relief in a habeas proceeding. The first question for resolution by the court, as always when parole eligibility and parole suitability decisions are challenged, was whether the petitioner was incarcerated in a state in which state law creates a constitutionally protected liberty interest in a parole date, id. at 1127, *citing* Greenholz.  Because he was, the court then proceeded to examine whether the deprivation of that interest violated his procedural due process rights.  Id. at 1128.

Before reaching the merits of any habeas petition, however, the cardinal rule for federal habeas cases is that exhaustion of a petitioner's claims through the highest state

2

court **must** precede the filing of a federal habeas corpus petition. If the petitioner has not exhausted his habeas claims through the state court system, this action may be subject to dismissal. In that event, the petitioner may have the option of a civil rights action pursuant to 42 U.S.C. § 1983, Wilkinson v. Dotson, 544 U.S. 74 (2005), assuming exhaustion of available grievance procedures in compliance with the Prisoner Litigation Reform Act ("PLRA") and a $350 filing fee which is never waived, but which may be paid in installments if in forma pauperis ("IFP") status is granted. At this point, the respondent has not established any basis for dismissal of this action. Therefore, filing no. 11 will be denied.

IT IS THEREFORE ORDERED:

1. That filing no. 11, the respondent's Motion to Dismiss, is denied; and

2. That the respondent shall answer or otherwise respond to the Petition for Writ of Habeas Corpus in the manner set forth in the court's Order on Initial Review within twenty (20) days of the date of this Memorandum and Order; and

3. That the petitioner may reply to the respondent's answer or other response within twenty (20) days thereafter.

October 23, 2006.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

3