IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |  |
|---|---|---|
| DAVID TRINE, | ) | |
| | ) | |
| Petitioner, | ) | 8:06cv541 |
| | ) | |
| vs. | ) | ORDER to SHOW CAUSE |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court upon review of the Petition for Writ of Habeas Corpus ("§ 2254 petition") filed by David Trine (filing no. 1); the respondent's Answer (filing no. 16); and the petitioner's Reply, entitled "Final Arguments" (filing no. 17). The petitioner alleges deprivation of due process in connection with revocation of his parole on or about June 20, 2006, after his initial release on June 18, 2006. The petitioner states that the Board of Parole deprived him of due process before adding additional time to the petitioner's period of incarceration, including denying the petitioner a hearing and the right to present witnesses or documents and violating the Board's own rules of procedure.

Although the petitioner alleges that the Board of Parole denied him a hearing, he has provided the court with a state court record (filing no. 7) which indicates that a hearing was at least scheduled. Filing no. 7 is a copy of a Notice directing the petitioner to appear on June 20, 2006 before the Nebraska Board of Parole at the Lincoln Correctional Center for a Review of Parole Hearing. The Notice states, in part that "[t]he purpose of the hearing is to determine whether you [Mr. Trine] are in violation of the conditions of your release as charged. At the hearing you may appear and speak on your own behalf. You may bring letters, documents or individuals who can give relevant information concerning the alleged violations. Upon your request, you are entitled to confront and cross-examine the witnesses who are used by the State to substantiate the alleged violations."

Filing no. 7 includes the petitioner's initials next to the word "Decline." Whether that means the hearing did not take place is unclear, because the petitioner did not sign the "Waiver of Final Revocation Hearing" at the end of the Notice of Review of Parole Hearing

(filing no. 7). The court simply has not received enough information to decide this case.

Not only has the petitioner failed to explain what happened to his "review of parole hearing," but the respondent has put a discouraging lack of effort into this case. First, the respondent filed a groundless Motion to Dismiss contending that the validity of a petitioner's judgment of conviction "is the only legitimate question on habeas" (filing no. 12 at 1). I summarily overruled that motion as "a manifestly incorrect statement of the law" (filing no. 15), citing U.S. Supreme Court and U.S. Circuit Court of Appeals precedent to the contrary. Second, the respondent filed an Answer relying on an Affidavit allegedly incorporated therein as Exhibit 1 (filing no. 16 at 3), but the respondent neglected to file the Affidavit. Third, the respondent denies that any relevant state court records exist (filing no. 16 at 4), a representation which is not only false but ludicrous, as even the petitioner had by then already furnished at least one relevant state court record, namely the Notice of Review of Parole Hearing (filing no. 7).[1] Fourth, the respondent asserts that the petitioner has not exhausted his claim. Also, the respondent contends that the claim could still be presented to the state courts, but the respondent fails to disclose what procedure he has in mind, as postconviction review is not appropriate.[2]

### Show Cause

I need more information. Therefore, where appropriate. each party shall provide the information ordered below in a written statement or brief. Each party shall provide the requested information and documents within ten (10) days of the date of this Order.

PETITIONER:

    1. What happened after the petitioner's receipt of the Notice of Review of Parole Hearing set for June 20, 2006? Did the petitioner appear? Did the petitioner waive or voluntarily decline to appear? What happened to or at the hearing (in the petitioner's own

---

[1] Surely, some sort of decision emerged from the Board of Parole, and I also assume that some sort of charging document preceded the Notice of Review of Parole Hearing. There may well be other state court records relating to the sole issue in this case, which is whether or not the petitioner received due process in connection with the revocation proceedings.

[2] This is not the time to be cagey.

2

words)?

2. Did the petitioner receive any documents before the hearing, e.g. a petition or other charging document alleging violation of conditions of release? Did a probable cause hearing take place?

RESPONDENT:

1. The respondent shall file and serve on the petitioner the Affidavit referenced in filing no. 16.

2. The respondent shall file all state court records related to the petitioner's revocation proceedings, including charging documents, notice(s), summary of hearing(s), transcript(s), probable cause findings, decisions by the Board, etc. All documents shall be served on the petitioner except those as to which the respondent makes a good faith claim of confidentiality. The confidential documents, if any, shall be filed under seal, along with a list of their titles or other identifiers. The list of titles or identifiers of the sealed documents shall be served on the petitioner.

3. The respondent's attorney shall disclose precisely the procedure she meant when she represented (filing no. 16 at 2) that: "there exists presently available state court means by which it [this claim] could be brought." By what state court means could the petitioner, in the respondent's view, now exhaust his claim regarding denial of due process in his parole revocation? The respondent will not be heard to equivocate or deny responsibility for furnishing that information.

SO ORDERED.

January 29, 2007.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge