IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID TRINE, | ) | Case No. 8:06CV541 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner has submitted a petition for writ of habeas corpus. (Filing 1.) The respondent has answered. (Filing 16.) In addition, the court requested additional information and briefing (filing 18), and the respondent has now provided the additional information and briefing. (Filing 20.) The petitioner has been afforded the opportunity to respond, and he has done so. (Filing 21.) The case is now ripe for decision.

David Trine claims his parole was unlawfully revoked and 174 days were unlawfully added to his sentence. He represents that he "[n]ever had an opportunity to plea to any charge" and that he was denied due process because, among other reasons, he was not allowed to present any defense to the charges. (Filing 1, at CM/ECF pp. 1 & 5-8.)

I have reviewed the records submitted by the respondent, and they establish that the petitioner was clearly afforded all the process he was due. *See*, *e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 489-90 (1972) (stating that the "minimum requirements of due process" must be satisfied in parole violation proceedings, but stating also that "[w]e have no thought to create an inflexible structure for parole revocation procedures"). Indeed, after signing detailed paper work that gave him all sorts of notice, advisements, and warnings (filing 20-2, at CM/ECF pp. 4-7), the petitioner appeared at a hearing and admitted all the charges. (Filing 20, Attached

Cassette Tape of Hearing on June 20, 2006.)   Not only did the petitioner admit the charges after having plenty of notice, Trine was given an opportunity to speak in mitigation of his admitted violations, and he engaged in a frank discussion about his violations with one of the parole board members.

To the degree that Trine argues that his parole had already expired by the time he had his hearing on June 20, 2006, he is mistaken.  For 4 months and 23 days, Trine hid from parole supervision (indeed, he admitted that he had absconded), and thus under Nebraska law his mandatory discharge date (prior to the parole revocation) was automatically extended from June 18, 2006, to November 11, 2006. (Filing 20-2, Aff. Ron Riethmuller, Records Administrator for Nebraska Department of Correctional Services, at CM/ECF p. 21 ¶ 7.)  *See* Neb. Rev. Stat. § 83-1,123(2) & (4) (2007) ("The time from the date of the parolee's declared delinquency until the date of arrest for the custody of the board shall not be counted as any portion of the time served" and providing that for a parolee who has left "his or her place of residence," such a person is to be "treated as a parole violator" and "*when apprehended*, shall be subject to recommitment . . . .) (emphasis added).

In other words, under Nebraska law, Trine could not avoid a parole violation and revocation by hiding until his parole expired.  This is the same procedure that federal authorities follow.  *See*, *e.g.*, *Hutchings v. U.S. Parole Comm'n*, 201 F.3d 1006, 1009-1010 (8th Cir. 2000) (Parole Commission maintained jurisdiction over parolee for period of time he was in willful violation and thus the Commission had jurisdiction to conduct parole revocation hearing even after date on which maximum term for which parolee was sentenced had expired).

In summary, I deny the petition on the merits and I will dismiss it with prejudice.  I do not reach the other argument asserted by the respondent that the petitioner has failed to exhaust his state law remedies because I am not satisfied that the question has been adequately briefed.

IT IS ORDERED that the petition for writ of habeas corpus (filing 1) is denied on the merits. A separate judgment will be entered.

October 2, 2007.               BY THE COURT:

                               s/*Richard G. Kopf*
                               United States District Judge